# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MALONE,<br><br>               Petitioner,<br><br>      v.<br><br>WARDEN, VICTORVILLE II,<br><br>               Respondent. | CASE NO. 5:22-cv-00171-JFW (SK)<br><br>**ORDER DISMISSING HABEAS PETITION** |

      Petitioner David Malone is a federal inmate transferred late last year to the Federal Correctional Institution in Victorville, California ("FCI-Victorville"). In what he captions as an "emergency motion," Petitioner seeks various forms of relief under 28 U.S.C. § 2241 because he alleges that, since his transfer to FCI-Victorville, he has been deprived of prescription medication refills and a suitable diet for ill-defined chronic medical conditions. (ECF 1 at 1, 2-3). Petitioner seeks an injunction for compelled medical care, transfer to a different facility with better medical care, or simply early release (either outright or to home confinement). (*Id.* at 3). But because for many reasons the Court has no jurisdiction under § 2241 to provide such remedies, the "emergency motion"—which the Court more appropriately construes as a federal habeas petition—must be dismissed.

      First, to the extent that Petitioner challenges solely the adequacy of his medical care or diet in federal custody, the Court has no authority under § 2241 to change those conditions, including by transfer to another federal penitentiary. Such challenges to prison conditions are cognizable under § 2241 only if a successful habeas claim would "necessarily accelerate the

prisoner's release." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Mere changes in Petitioner's prescription refills, his diet plan, or even the location of his federal custody cannot, by definition, lead to his speedier release. *See id.*

Second, to the extent that Petitioner seeks early release (or its near equivalent of transfer to home confinement), he must still allege that there is something unlawful in the *execution* of his federal sentence such that early release would be constitutionally required. It is not enough to allege mere dissatisfaction with the conditions under which he is serving out an otherwise lawful sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). And even then, Petitioner's path for relief would lie almost exclusively in 28 U.S.C. § 2255. *See id.* That is because a federal prisoner cannot "test the legality of his detention" through a generic § 2241 petition unless his express remedy under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). And a § 2255 remedy is "inadequate or ineffective" only if "petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim" under § 2255. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Yet Petitioner advances neither of those predicate arguments. Nor is it possible to see how he even could, given that his underlying claims are based on inadequate prison medical care or diet.

Third and last, Petitioner's claims cannot be saved by converting his improper § 2241 petition into a federal civil rights lawsuit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). While claims like Petitioner's can, in principle, be asserted as civil rights violations, *see Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991), the Court may not sua sponte convert his defective petition into an actionable civil rights complaint unless the petition "is amenable to conversion on its

face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (citations omitted). That conversion is impossible here because, among other decisive reasons, Petitioner seeks no damages under *Bivens*—the only available remedy for his category of claims (assuming they are even otherwise actionable). *See Carlson v. Green*, 446 U.S. 14, 16, 19 (1980). "*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016). "By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Id.* at 1094.

For all these reasons, the "emergency motion" filed by Petitioner—more accurately construed as a § 2241 habeas petition—is DISMISSED for lack of jurisdiction. Judgment dismissing this action will be entered accordingly.[1]

**IT IS SO ORDERED.**

DATED: February 7, 2022

HON. JOHN F. WALTER
U.S. DISTRICT JUDGE

---

[1] Nothing in this order prevents Petitioner from seeking immediate relief through available administrative remedies at FCI-Victorville. In fact, lack of administrative exhaustion can be an independent reason to dismiss this action. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). While Petitioner alleges that no one is promptly responding to his concerns (ECF 1 at 2), he has apparently sought only informal relief under the BOP's Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.13. If he hasn't already done so, he may file a formal Administrative Remedy Request (Form BP-9), appeal any denial of that first-level request to the Regional Director (Form BP-10), and then seek review of any second-level denial by the Office of the General Counsel (Form BP-11). *See id.* §§ 542.14-542.15, 542.16-542.19. Such exhaustion may not necessarily be a "jurisdictional prerequisite" to filing in federal court, *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012), but it still offers the real "possibility that the relief applied for may be granted at the administrative level," *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).